# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **ROBERT LEE HILL** | **CIVIL ACTION NO. 05-1872** |
| VS. | SECTION P |
| **LOUISIANA DEPARTMENT OF PUBLIC SAFETY** | **JUDGE JAMES** |
| **AND CORRECTIONS, ET AL.** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is a complaint filed *in forma pauperis* by *pro se* plaintiff Robert Lee Hill (HILL) on October 21, 2005. Hill is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC); he is presently incarcerated at the Richwood Correctional Center, Monroe, Louisiana; however, when suit was filed he was incarcerated at the Ouachita Corrections Center in Monroe.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

Hill was convicted of some unspecified felony offense in 1995 and sentenced to serve ten years at hard labor. He began serving this sentence some time in May, 1995. In accordance with the provisions of LSA R.S.15:571.3[1], Hill earned diminution of sentence in lieu of incentive

---

[1] LSA R.S.15:571.3(B) provides in part, "Every inmate in the custody of the department who has been convicted of a felony ... and sentenced to imprisonment for a stated number of years or months ... may earn, in lieu of incentive wages, a diminution of sentence by good behavior and performance of work or self-improvement, or both, to be known as 'good time'... The amount of diminution of sentence allowed under the provisions of this Section shall be at the

wages by his good behavior and performance of work and self-improvement activities. As a result, he was released on parole sometime in 2003. However, his parole release was short-lived because while on parole he committed some unspecified offense and his parole was revoked, his good time was forfeited, and he was returned to prison to serve out the remainder of his sentence.

On unspecified dates Hill allegedly submitted grievances to the Secretary of the LDOC. In an undated Grievance he claimed to have received 90 days of school credit when he completed the prison G.E.D. program. He claimed that he was entitled to have half of this time credited to the "front" of his sentence and half "...placed on the end..." of his sentence. He claimed that had those credits been properly applied, his "...time on parole should be up in around April 2005..." He further claimed that had this been done, he would have completed his parole before committing the infraction which resulted in the revocation of parole. [See Doc. 1-1, p. 3]

Hill claims that this grievance was ignored. [*id.*]

In his second, again undated, grievance: (1) he claimed a violation of his Fourteenth Amendment equal protection rights because prisoners released on good time forfeit all incentive wages and accrued good time if they violate the terms of parole, yet, prisoners who do not opt for good time credits are simply placed in lockdown if they commit serious offenses while in prison; (2) he claimed that the revocation of his parole amounted to a violation of the Fifth Amendment's prohibition against double jeopardy; and, (3) he claimed that these violations resulted in the imposition of cruel and unusual punishment in violation of the Eighth Amendment to the Constitution. He asked the Secretary to let his "...parole time on the streets count for something..." or, in the alternative, reimbursement of his incentive wages and the parole

---

rate of thirty days for every thirty days in actual custody ..."

supervision fees paid prior to the revocation of his parole. [Doc. 1-1, pp. 4-5]

He claimed that the Department ignored this request as well. [*id*.]

The instant complaint argues two claims:

(1) "I began my sentence in May of 1995 and I ... was due for release on April 2005. During my time in D.O.C. I received school credits that should have been applied to the beginning and the end of my sentence. If my credits were given I should have been released from parole obligations before the recent charge came." [Doc. 1-1, p. 7] and,

(2) The Department's policy for parole violates the Fifth and Fourteenth Amendments since the violation of good time parole results in the forfeiture of all accrued good time credits and there is no credit for time spent on parole. This policy violates the prohibition against double jeopardy and the right to equal protection and due process. [Doc. 1-1, pp. 7-9]

Hill asks the court to "install" new provisions to the current good time parole system to prohibit multiple punishment for the same offense. He asks for reimbursement of the incentive pay for the period between 2000 – 2003. He asks for compensation for every day he has remained in custody beyond the original full term release date. He seeks compensation in an unspecified amount for past, present, and future suffering. He seeks reimbursement of his parole supervision fees paid during the period of his release in 2003.

## LAW AND ANALYSIS

1. *Habeas Corpus* and Exhaustion of State Court Remedies

Hill filed his action as a civil rights complaint pursuant to 42 U.S.C. §1983. However, since success in this action would result in a speedier, if not immediate, release from custody, the action is more appropriately analyzed as a petition for writ of *habeas corpus*. See *Carson v.*

*Johnson*, 112 F.3d 818, 820 (5th Cir.1997); *Cook v. Texas Dept. of Criminal Justice Planning Dept.*, 37 F.3d 166, 168 (5th Cir.1994) (holding that a § 1983 action is appropriate for recovering damages resulting from illegal administrative procedures, but *habeas* is the appropriate federal remedy for a state prisoner challenging the fact of his confinement). "A *habeas* petition, on the other hand, is the proper vehicle to seek release from custody." *Carson v. Johnson*, 112 F.3d at 820.

There appears to be some confusion as to whether or not such a *habeas* claim must be raised pursuant to §2254 or §2241. In *Whitehead v. Johnson*, 157 F.3d 384, 385-86 n. 1 (5th Cir.1998) (citing *Clarke v. Stalder*, 154 F.3d 186, 193-94 (5th Cir.1998) (en banc)), the Fifth Circuit suggested, "An application for a writ of *habeas corpus* under § 2254 is the proper method for a prisoner's challenge to the calculation of his time credits." However, in *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), the Supreme Court held that 28 U.S.C. § 2241 provides the exclusive federal remedy available to state prisoners challenging the fact or duration of confinement and seeking speedier or immediate release.

Here, Hill does not seek to undo his conviction, (as would be the case under 28 U.S.C. § 2254) but instead asks the court to correct the alleged unconstitutional actions of the LDOC that have resulted in his continued incarceration beyond his "full term release date." See also 28 U.S.C. §2241(c)(3) and, *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir.1997) (holding that section §2241 is the proper vehicle to attack the manner in which a sentence is being executed).

In any event, the resolution of this matter (as is shown hereinafter) does not turn on whether the claim has been filed (or analyzed) under § 2241 or § 2254.

Federal law is clear that a state prisoner must exhaust available <u>state court</u> remedies as to

4

each and every ground upon which he claims entitlement to *habeas* relief whether pursuant to 28 U.S.C. § 2241 or § 2254(b). *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir.1987), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Also see *Serio v. Members of Louisiana Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir.1989). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. *Rose*, 455 U.S. at 523, 102 S.Ct. at 1205.

As stated above, when a state prisoner claims that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of *habeas corpus*. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Hill implicitly seeks his early release. His complaint challenges the constitutionality of the Louisiana good time law both as written and as applied to his particular case. Should this challenge prove successful, the court would have no choice but to order his release from continued custody since a ruling in his favor would imply the unconstitutionality of his continued incarceration. Therefore, since petitioner seeks release from custody and since *habeas corpus* is his sole remedy, he must comply with the statutory and jurisprudential requirements concerning exhaustion.

A federal district court may notice *sua sponte* the lack of exhaustion. *Shute v. State*, 117 F.3d 233, 237 (5th Cir.1997). Federal courts can dismiss without prejudice a federal petition for writ of *habeas corpus* that contains unexhausted grounds for relief. See *Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear

5

and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). A federal *habeas* petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir.1990); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir.1986).

Hill's pleadings and exhibits suggest that he has not fully exhausted his state court remedies prior to the filing of suit. Further, a review of the presumptively reliable published jurisprudence of the State of Louisiana reveals no Louisiana Supreme Court cases involving Mr. Hill. Therefore, Hill's complaint should be construed as a petition for habeas corpus and dismissed without prejudice due to his failure to exhaust available state court remedies.

## 2. The Merits of Hill's Claims

28 U.S.C. § 2254(b) provides that the federal courts may deny a petition for writ of *habeas corpus* on the merits even if the petitioner failed to exhaust available state court remedies. Further, examination of the merits of Hill's claims is appropriate insofar as Hill may contend that his claims are appropriately raised in the context of a civil rights claim. "[I]n instances in which a petition [or complaint] combines claims that should be asserted in *habeas* with claims that properly may be pursued as an initial matter under § 1983, and the claims can be separated, federal courts should do so, entertaining the § 1983 claims." *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir.1987).

As noted above, petitioner claims that the Louisiana statutes and the LDOC's policy for enforcement of the statutes violate the Fifth and Fourteenth Amendments since the violation of good time parole results in the forfeiture of all accrued good time credits and there is no credit for "street time" spent on parole. According to Hill, this policy violates the prohibition against

6

double jeopardy and results in the imposition of cruel and unusual punishment. He also contends that the application of these good time statutes violates his rights to equal protection and due process as guaranteed by the Fourteenth Amendment. [Doc. 1-1, pp. 7-9] These claims are without merit.

Hill obtained early release pursuant to the provisions of LSA R.S. 15:571.3. His early release from custody was governed by the provisions of LSA R.S.15:571.5 which provides:

> A. (1)When a <u>prisoner</u> committed to the Department of Public Safety and Corrections is <u>released because of diminution of sentence</u> pursuant to this Part, <u>he shall be released as if released on parole.</u>
>
> (2) At least three months prior to the anticipated release due to diminution of sentence, the secretary of the department shall notify the parole board and provide such information as is necessary to allow the <u>board to establish such conditions</u> ... as may be reasonably <u>necessary to facilitate supervision</u>...
>
> B. (1) Before any prisoner is released on parole upon diminution of sentence, he shall be issued a certificate of parole that enumerates the conditions of parole. These conditions shall be explained to the prisoner and the prisoner shall agree in writing to such conditions prior to his release date.
>
> (2) <u>The person released because of diminution of sentence pursuant to this Part shall be supervised in the same manner and to the same extent as if he were released on parole. The supervision shall be for the remainder of the original full term of sentence. If a person released because of diminution of sentence pursuant to this Part violates a condition imposed by the parole board, the board shall proceed in the same manner as it would to revoke parole to determine if the release upon diminution of sentence should be revoked.</u>
>
> (C) <u>If such person's parole is revoked by the parole board for violation of the terms of parole, the person shall be recommitted to the department for the remainder of the original full term.</u>
> (Emphasis supplied)

Further, the revocation of his parole was governed by the provisions of LSA R.S.15:571.4 which provides in part: "An inmate who has been returned to the custody of the department because of a violation of the terms of parole granted by the Board of Parole <u>shall forfeit all good time earned on that portion of the sentence served prior to the granting of parole</u>."

Hill's early release, prior to the expiration of his full term release date, was pursuant to this statutory scheme; therefore, when released, Hill, like all other similarly situated inmates, was released "as if released on parole" and he was thus, by the terms of the statute, subject to supervision "...<u>in the same manner and to the same extent as if he were released on parole</u> ..." Further, under the terms of the statute, he was advised in advance of his release that he would be subject to supervision and would be required to abide by certain specific rules as conditions of his early release. Mr. Hill therefore had a choice – he could chose to either serve out his full term of imprisonment without parole, or he could choose early release conditioned upon compliance with the terms of his release pursuant to La. R.S. 15:571.5. [Compare, *Bancroft v. Louisiana Department of Corrections*, 635 So.2d 738 (La .App. 1 st Cir.1994)(holding that an inmate did not sign parole conditions release form under "duress," even though such signing was a prerequisite to his release from custody, but rather, he chose early condition release over the option of serving the remainder of his sentence, and further holding that upon revocation being recommitted to the DOC for the remainder of his original full term which was without the benefit of parole did not amount to his being subjected to more onerous punishment; see also *Malava v. State of Louisiana, Dept. of Public Safety*, 2001 WL 630472 (U.S.D.C. – E.D.La.,2001).]

The Louisiana statutory good time scheme is not unconstitutional either as written or as applied to the facts of Mr. Hill's complaint since he was clearly presented with the choice to

8

either serve out his prison term or obtain early but conditional release.

Furthermore, to the extent that he asserts entitlement to credit for "street time," he has failed to state a claim for which relief may be granted. Simply put, there is no federal constitutional right to the reduction of the sentence of a parole violator for the time spent on parole. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir.1996); *Starnes v. Cornett*, 464 F.2d 524 (5th Cir.1972), *cert. denied*, 409 U.S. 987 (1972). See also *Munguia v. United States Parole Commission*, 871 F.2d 517, 521 (5th Cir.1989), *cert. denied*, 493 U.S. 856 (1989). Petitioner has not been denied a constitutionally protected liberty interest by the failure of the state to afford him credit toward his sentence for the time spent on parole. Further, the revocation of his parole under the circumstances described does not amount to a violation of the prohibition against Double Jeopardy.

Thus, to the extent that Hill's claims are cognizable as civil rights claims, they are patently and manifestly frivolous and subject to dismissal on that basis.

Accordingly,

**IT IS RECOMMENDED** that this complaint be construed as a petition for *habeas corpus;* and,

**IT IS FURTHER RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE** due to the petitioner's failure to exhaust available state court remedies; and, in the alternative,

**IT IS RECOMMENDED** that the complaint, insofar as it is construed as a civil rights complaint, be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C.

§1915(d)(2)(B) and 28 U.S.C. §1915A(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 17th day of February, 2006.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE